UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIMBRA L.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-5158 RBL

ORDER REVERSING AND REMANDING DENIAL OF BENEFITS

## I.    INTRODUCTION

Plaintiff Kimbra L. seeks review of the denial of her applications for supplemental security income and disability insurance benefits. Compl. (Dkt. 1). Plaintiff has severe impairments of status post fracture of the right ankle, osteoarthrosis, degenerative joint disease, obesity, affective disorder, and anxiety disorder. Admin. Record ("AR") (Dkt. 9) at 23.

Plaintiff applied for disability benefits in 2015, alleging disability as of July 10, 2013. *Id.* at 307-14. Plaintiff's application was denied on initial review and on reconsideration. *Id.* at 133-70. At Plaintiff's request, Administrative Law Judge ("ALJ") Tom Morris held a hearing on Plaintiff's claims.[1] *Id.* at 39-132. On January 31, 2018, ALJ Morris issued a decision finding

---

[1] ALJ Morris held four hearings. ALJ Morris continued the first hearing so Plaintiff could seek an attorney. *See id.* at 39-56. ALJ Morris continued the second hearing because the record was not complete and the vocational expert had an emergency. *See id.* at 57-75. ALJ Morris continued the third

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 1

1  Plaintiff not disabled and denying her claim for benefits. *Id.* at 20-31. The Appeals Council

2  denied review. *Id.* at 1-3.

3        Plaintiff argues that ALJ Morris erred by (a) rejecting the opinions of mental health

4  counselor Anita LaRae, LMHC, (b) rejecting the opinions of treating doctor Wendy Pierce,

5  M.D., and (c) accepting the opinions of the state agency consultants. Pl. Op. Br. (Dkt. 11) at 1.

## II.     DISCUSSION

7        Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of

8  social security benefits if the ALJ's findings are based on legal error or not supported by

9  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

10 Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical

11 testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

12 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

13 neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v.*

14 *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than

15 one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must

16 be upheld." *Id.*

**A.**     **The ALJ Did Not Harmfully Err in Rejecting Ms. LaRae's Opinions**

18       Plaintiff argues that ALJ Morris erred in rejecting Ms. LaRae's opinions. Pl. Op. Br. at

19 2-3. Ms. LaRae is Plaintiff's treating mental health counselor. *See* AR at 1072-77, 1104-16,

20 1150-52, 1156-60. Ms. LaRae submitted four medical source statements. *Id.* at 1072-77, 1151-

21 52, 1157. On February 27, 2017, Ms. LaRae completed a form statement in which she checked

---

hearing because the record was still incomplete. *See id.* at 76-95. ALJ Morris took testimony from Plaintiff and a vocational expert at the fourth hearing. *See id.* at 96-132.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 2

boxes opining that Plaintiff had marked limitations in sustained concentration and persistence, social interaction, and adaptation. *Id.* at 1073-74. On December 6, 2017, Ms. LaRae signed a statement in which she opined that Plaintiff's limitations had significantly worsened since Ms. LaRae's February 2017 statement. *Id.* at 1157.

On March 10, 2017, Ms. LaRae completed a letter in which she described her treatment of Plaintiff, her diagnoses, and her recommendations for further treatment. *Id.* at 1076-77. Ms. LaRae noted that Plaintiff struggles with emotional mood swings, rage, and communication. *See id.* at 1076. Ms. LaRae also reported that Plaintiff had a global assessment of functioning ("GAF") score[2] of 55. *Id.* at 1077. On December 4, 2017, Ms. LaRae completed a letter that was largely the same as her March 2017 letter. *See id.* at 1151-52.

ALJ Morris rejected Ms. LaRae's check-box opinions from February 2017 and December 6, 2017, because she relied on Plaintiff's subjective complaints in formulating those opinions, and ALJ Morris had rejected Plaintiff's complaints as not well-supported by the overall record. *Id.* at 28. ALJ Morris stated—incongruously—that "[Ms.] LaRae's opinion is given weight, however, and addressed in the [second] RFC[3] as detailed above." *Id.* at 28. ALJ Morris gave no further explanation, other than to state that "[g]reater weight is placed on [Ms.] LaRae's narrative opinion than the GAF score as one example, for the GAF necessarily says very little about the most any claimant can do." *Id.*

The parties dispute whether ALJ Morris rejected all of Ms. LaRae's opinions or accepted

---

[2] GAF is a numeric scale from 0 to 100 intended to reflect "psychological, social, and occupational functioning on a hypothetical continuum of mental health illness." *Golden v. Shulkin*, 29 Vet. App. 221, 225 (Vet. App. 2018) (internal citation and quotation marks omitted).

[3] RFC stands for "residual functional capacity." *Id.* at 24. ALJ Morris found that Plaintiff had two different RFCs, one from the alleged onset date to May 15, 2016, and another from May 15, 2016, to the date of ALJ Morris's decision. *Id.* at 24-25.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 3

some of them.  Pl. Op. Br. at 2; Def. Resp. Br. (Dkt. 12) at 9.  ALJ Morris's decision is unclear on this issue, but it is ultimately irrelevant to the outcome.  Assuming ALJ Morris rejected all of Ms. LaRae's opinions, Plaintiff has failed to show harmful error.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error).  Although ALJ Morris's analysis is poorly written, he reasonably determined that Ms. LaRae relied too heavily on Plaintiff's subjective complaints, which ALJ Morris had separately rejected.  *See Wilder v. Comm'r of Soc. Sec. Admin.*, 545 F. App'x 638, 639 (9th Cir. 2013); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999).  Plaintiff does not challenge ALJ Morris's rejection of her subjective symptom testimony, so it is presumed that ALJ Morris did not err in doing so.[4]

      Plaintiff argues that ALJ Morris erred in finding that Ms. LaRae relied too heavily on Plaintiff's subjective complaints because Ms. LaRae conducted interviews during therapy sessions.  Pl. Op. Br. at 2.  An ALJ generally may not reject an opinion from a psychiatrist or psychologist for being too heavily based on the plaintiff's self-reports when the doctor performs a clinical interview or mental status evaluation because those are objective measures that can separately support the doctor's opinion.  *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).  But the interviews that Ms. LaRae conducted are not comparable to the clinical interviews and mental status evaluations psychologists and psychiatrists routinely perform.  Instead, the record reveals only conversations from therapy sessions.  *See* AR at 1104-16.  ALJ

---

[4] Defendant spends four pages of his response brief arguing that ALJ Morris reasonably rejected Plaintiff's subjective symptom testimony despite the fact that Plaintiff did not raise the issue.  The response brief is meant to *respond* to the plaintiff's arguments.  *See* Scheduling Order (Dkt. 10) at 2.  Defendant's argument on this issue is neither responsive nor relevant to the errors before the Court.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 4

1  Morris thus did not err in rejecting Ms. LaRae's opinions as too heavily based on Plaintiff's
2  subjective complaints.

3  ALJ Morris similarly did not err in rejecting Ms. LaRae's GAF scores. The American
4  Psychiatric Association dropped the GAF score from its *Diagnostic and Statistical Manual of*
5  *Mental Disorders*, 5th edition, 2013, because it lacked clarity and had questionable value in
6  routine practice. *See Golden*, 29 Vet. App. at 224. ALJ Morris did not err in rejecting a
7  psychiatric measurement that the medical community has discounted.

8  **B.     The ALJ Harmfully Erred in Rejecting Dr. Pierce's Opinions**

9  Plaintiff argues that ALJ Morris erred in rejecting Dr. Pierce's opinions. Pl. Op. Br. at 3-
10 4. Dr. Pierce was Plaintiff's treating ankle surgeon. AR at 903-950, 1033-64, 1095-1103, 1118-
11 40. Dr. Pierce submitted two opinion statements. *Id.* at 1093, 1154-55. On May 18, 2017, Dr.
12 Pierce signed a form noting that Plaintiff's limitations were "[a]bout the same as when rated by"
13 treating doctor Brian Wicks, M.D." *Id.* at 1093. The form did not attach Dr. Wicks's opinion,
14 but noted that he found Plaintiff limited to part-time (11-20 hours), sedentary work. *Id.* The
15 form asked Dr. Pierce to explain what limitations she believed were appropriate if she thought
16 Plaintiff was less limited than Dr. Wicks found. *Id.* Dr. Pierce did not describe any additional
17 limitations. *Id.*

18  On December 4, 2017, Dr. Pierce signed another form reiterating her May 2017 opinion.
19 *See id.* at 1154-55. Dr. Pierce checked a line on the form agreeing that "the previously noted
20 limitations are still accurate and about the same." *Id.* at 1154. The form also noted that Plaintiff
21 had ankle surgery in June 2017, and asked Dr. Pierce to explain if Plaintiff's symptoms were
22 more or less severe as a result. *Id.* at 1155. Dr. Pierce noted that Plaintiff had subtalar arthritis,
23 but that her limitations were unchanged. *Id.*

ALJ Morris rejected Dr. Pierce's May 2017 opinions because "Dr. Pierce did not provide any independent analysis, and checked one box on this prepared form which ask[ed] her to confirm an opinion from Dr. Wicks. . . . [T]he one question asked is highly leading, and leaves Dr. Pierce little to no room to offer her own assessment of [Plaintiff's] physical RFC." *Id.* at 28. ALJ Morris stated that "[t]he same rational applies" to the December 2017 opinions. *Id.* He noted that Dr. Pierce's opinions "have been considered, however, with multiple limitations having been added to the RFCs to account for the most that [Plaintiff] can still do." *Id.*

An ALJ must give clear and convincing reasons to reject the uncontradicted opinions of a treating doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). When the doctor's opinions are contradicted, the ALJ must give specific and legitimate reasons for rejecting the doctor's opinions. *Lester*, 81 F.3d at 830 (citing *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). Dr. Pierce's opinions were contradicted by the non-examining doctors' opinion in the record. *See* AR at 152-56, 165-69. ALJ Morris was thus required to give clear and convincing reasons for rejecting Dr. Pierce's opinions. He failed to do so.

ALJ Morris erred in rejecting Dr. Pierce's opinions for two reasons. First, although Dr. Pierce did not provide a detailed explanation of her opinions, her records support that Plaintiff was limited due to ankle pain. *See, e.g.*, *id.* at 904-05, 909-10, 913-14, 932-33, 946. Plaintiff has had four surgeries on her ankle. *See id.* at 706, 708, 1054-55, 1123-24. Yet she continues to report diffuse pain and swelling in her ankle. *See id.* at 1126, 1138. Second, the fact that the question posed to Dr. Pierce was leading is not a specific or legitimate reason to reject her response. ALJ Morris's assumption is that Dr. Pierce did not give an honest assessment based on her treatment of Plaintiff, but instead acquiesced to Plaintiff's counsel's opinion. Absent

evidence of "actual improprieties," that is not an acceptable assumption. *See Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996); *Lester*, 81 F.3d at 832 ("The [ALJ] may not assume that doctors routinely lie in order to help their patients collect disability benefits."). ALJ Morris thus erred to the extent he rejected Dr. Pierce's opinions.

ALJ Morris's statement that he considered Dr. Pierce's opinion and added limitations to the RFCs does not save his decision. Although the RFCs do account for Dr. Pierce's opinion that Plaintiff is limited to sedentary work, ALJ Morris did not account for Dr. Pierce's opinion that Plaintiff was limited to part-time work. *See* AR at 24-25, 28, 1093, 1154. ALJ Morris did not give valid reasons to reject that opinion, and therefore he harmfully erred.

**C.      The ALJ Did Not Err in Accepting the State Agency Consultants' Opinions**

Plaintiff argues that ALJ Morris erred in accepting the opinions of the state agency consultants. Pl. Op. Br. at 4-5. Plaintiff has failed to make her case. It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work by framing the argument and putting flesh on its bones through a discussion of the applicable law and facts. *See Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Plaintiff has not specified which consultants' opinions ALJ Morris erroneously accepted. *See* Pl. Op. Br. at 4-5. Plaintiff has obviously therefore not identified any specific or distinct errors ALJ Morris made in evaluating any particular opinion. *See id.* Plaintiff has thus failed to show harmful error. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).

**D.      Scope of Remand**

Plaintiff asks—albeit briefly—that the Court remand for an award of benefits. Pl. Op. Br. at 5. Remand for an award of benefits "is a rare and prophylactic exception to the well-

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 7

established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). ALJ Morris's single harmful error does not warrant such a remedy. Conflicts in the medical record remain as to whether Plaintiff can sustain full-time work, which the ALJ must resolve. *See Andrews*, 53 F.3d at 1039.

On remand, the ALJ must reevaluate Dr. Pierce's opinions, and conduct further proceedings as necessary to reevaluate the disability determination in light of this opinion.

### III. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 21st day of October, 2019.

Ronald B. Leighton
United States District Judge